Lewis v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-031-CR





EDWARD LEWIS, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT,



NO. 101,655, HONORABLE TOM BLACKWELL, JUDGE


 




PER CURIAM

 Appellant was convicted of robbery and sentenced to imprisonment for fifteen years
and a $5000.00 fine. Tex. Penal Code Ann. § 29.02 (1989). In twenty-one points of error,
appellant contends that the trial court erred in overruling appellant's motion to suppress (points
of error 1 and 11), admitting certain evidence (points of error 2-10 and 12-20), and not instructing
the jury on the question of a pretextual arrest (point of error 21). We will affirm.

 Appellant robbed the Guaranty Federal Bank in February 1990. Austin police
officers identified appellant as a suspect because a witness noted appellant's license plate number
on the getaway car. Using a six-year-old police lineup photograph of appellant, the robbery
witnesses could not identify appellant as the robber. The officers next traced appellant's car to
a transmission shop and learned appellant had taken a taxicab from the shop after leaving the car
for repairs. At this time, the officers also learned that appellant had an outstanding arrest warrant
for a misdemeanor theft by check. The taxi dispatcher's records led the officers to several motels
on South Congress Avenue. One of the motel owners identified appellant as the man who was
visiting an occupant of the motel. The officers arrested appellant on the theft-by-check charge,
searched the motel room, and seized several items. The robbery witnesses were able to make a
positive identification of appellant as the bank robber after viewing the new police lineup
photographs from the theft-by-check arrest.

 In points of error 2, 3, 4, 12, 13, and 14, appellant contends that the admission of
exhibits 13, 14, and 16 was erroneous because the exhibits were the fruit of a pretextual arrest
and an illegal entry. Appellant did not object to the admission of exhibits 13, 14, and 16 at trial
and has waived error, if any. Tex. R. App. P. Ann. 52(a) (Pamph. 1991); Tex. R. Crim. Evid.
103(a) (Pamph. 1991). Points of error 2, 3, 4, 12, 13, and 14 are overruled.

 In points of error 6, 7, 16, and 17, appellant contends that the admission of exhibits
40 and 41 was erroneous because the exhibits were the fruit of a pretextual arrest and an illegal
entry. Photographs of exhibits 40 and 41 (a bank bag and a gauze patch) were previously
admitted into evidence without objection as exhibits 13 and 14. The admission of the actual
objects was cumulative in nature and harmless in light of the fact that the evidence was already
before the jury. Points of error 6, 7, 16, and 17 are overruled.

 In points of error 10 and 20, appellant contends that the admission of exhibit 45
was erroneous because the exhibit was the fruit of a pretextual arrest and an illegal entry. Our
review of the record, however, indicates that exhibit 45 was not admitted. The district court
sustained appellant's objection to the admission of exhibit 45 and appellant failed to obtain an
adverse ruling. An adverse ruling on an objection is necessary to preserve error for review,
assuming error exists in this instance. Ramirez v. State, 815 S.W.2d 636, 643 (Tex. Crim. App.
1991); Bailey v. State, 532 S.W.2d 316, 322 (Tex. Crim. App. 1976). Points of error 10 and 20
are overruled.

 In points of error 1, 5, 8, and 9, appellant contends that the overruling of his
motion to suppress, and the admission of exhibits 37, 42, and 44, were erroneous because the
exhibits were the fruit of a pretextual arrest. These points are without merit. The court of
criminal appeals has recently held that the pretext-arrest doctrine is defunct under the federal
constitution. Oliphant v. State, No. 844-90 (Tex. Crim. App., Dec. 18, 1991) (overruling Black
v. State, 739 S.W.2d 240 (Tex. Crim. App. 1987) insofar as Fourth Amendment is concerned). 
So long as the arrest is objectively reasonable, the intent of the arresting officers is irrelevant. 
Id. Appellant was lawfully arrested pursuant to the outstanding theft warrant. The fact that this
arrest was made to facilitate the officers' investigation of the robbery did not render it unlawful
under the federal constitution. Although appellant has mentioned article I, section 9 of the Texas
Constitution, he has neither separated his state constitutional arguments into separate points of
error nor provided any substantive analysis. The state constitutional argument, therefore, is
waived. See McCambridge v. State, 712 S.W.2d 499, 502 n.1 (Tex. Crim. App. 1986). We
overrule points of error 1, 5, 8, and 9.

 In point of error 11, appellant contends that the overruling of his motion to
suppress was erroneous because the exhibits were the fruit of an illegal entry. Additionally, in
points of error 15, 18, and 19, appellant contends that the admission of exhibits 37, 42, and 44
was erroneous because the exhibits were the fruit of an illegal entry. Appellant argues that the
seizure of the exhibits violated the state and federal constitutions because the police had no search
warrant to enter the hotel room appellant occupied. (1) See Steagald v. United States, 451 U.S. 204
(1981); Hudson v. State, 662 S.W.2d 957 (Tex. Crim. App. 1984) (interpreting U.S. Const. art.
IV). This argument is meritless. Steagald and Hudson address whether an arrest warrant--as
opposed to a search warrant--is adequate to protect the Fourth Amendment interests of persons not
named in the warrant, when their homes are searched without their consent and in the absence of
exigent circumstances. Steagald, 451 U.S. at 212; Hudson, 662 S.W.2d at 959-60 & n.3. In this
cause appellant was prosecuted, not the registered occupant of the hotel room. Appellant has no
automatic standing to contest the validity of the search, and he has not directed this Court to a
factual finding in the record that he had a legitimate expectation of privacy in the area searched. 
United States v. Salvucci, 448 U.S. 83, 91-92 (1980); Rawlings v. Kentucky, 448 U.S. 98, 105-6
(1980). Points of error 11, 15, 18, and 19 are overruled.

 In point of error 21, appellant contends that the district court erred in not
instructing the jury on the question of a pretextual arrest. Appellant did not request such an
instruction, however. Article 36.19 of the Code of Criminal Procedure contains the standards for
both fundamental error and ordinary reversible error. Tex. Code Crim. Proc. Ann. art. 36.19
(1981). If no proper objection to the charge was made at the trial and the defendant claims that
the error was "fundamental," the judgment will be reversed only if the error is so egregious and
created such harm that the defendant "has not had a fair and impartial trial," i.e., "egregious
harm." In this situation the actual degree of harm must be assayed in light of the entire jury
charge, the state of the evidence, including the contested issues and weight of the probative
evidence, the argument of counsel, and any other relevant information revealed by the record of
the trial as a whole. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Because
appellant's arrest was not unlawful under the federal constitution, no harm exists in this cause. 
See Oliphant v. State, No. 844-90. Point of error 21 is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B.A. Smith]

Affirmed

Filed: February 26, 1992

[Do Not Publish]
1. Appellant has grouped points of error 11 through 20 together, and only specifically raises
the state and federal constitutional provisions in point of error 11. We will reach the merits of
the Fourth Amendment argument in appellant's combined argument under these points, but
appellant has waived his argument under article I, section 9 of the Texas Constitution because he
has neither separated his state constitutional argument into separate points of error nor provided
any substantive analysis. McCambridge, 712 S.W.2d at 502 n.1.